UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CASEY ROBRAHN, individually and on
behalf of all others similarly situated

                Plaintiff,

      *vs*.                                          Case No.

RADIUS GLOBAL SOLUTIONS, LLC,

                Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, Casey Robrahn, ("ROBRAHN") against Defendant, Radius Global Solutions, LLC ("RADIUS"), based on the following:

## I.     PRELIMINARY STATEMENT

1. This action arises from practices engaged in by Defendant when attempting to collect consumer debts that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

Page **2** of **11**
Case 1:20-cv-00340-WCG   Filed 03/02/20   Page 2 of 11   Document 1

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. *Id.*

11. Plaintiff is seeking, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

12. ROBRAHN is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in the City of of Kaukauna, Outagamie County, Wisconsin.

13. RADIUS is a for-profit limited liability company formed under the laws of the State of Minnesota.

14. On information and belief, RADIUS maintains its principal place of business at 7831 Glenroy Rd., Suite 250, Edina, Minnesota.

15. The registered agent for RADIUS in Wisconsin is CT Corporation Ssytem, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

### III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

18. RADIUS regularly engages in the collection of defaulted consumer debts or allegedly defaulted consumer debts owed to others.

19. RADIUS is a business the principal purpose of which is the collection of defaulted consumer debts.

20. In attempting to collect debts, RADIUS uses the mails, telephone, the internet, and other instruments of interstate commerce.

21. RADIUS mailed or caused to be mailed a letter dated March 29, 2019 (the "Letter") to ROBRAHN.

22. A true and correct copy of the Letter is attached as *Exhibit A*, except portions of the Letter are redacted.

23. The Letter alleges ROBRAHN had incurred and defaulted on a financial obligation (the "Debt") owed to Discover Bank.

24. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely to pay for a college education.

25. On information and belief, sometime prior to March 29, 2019, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the Debt to RADIUS for collection.

26. The Letter stated the balance due was $2,402.09.

27. The Letter offered to settle the debt for $1,681.50, a discount of $720.59.

28. The Letter further stated in relevant part:

> Please note that whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor.

29. The Letter fails to accurately state the law with respect to filing 1099C forms with the Internal Revenue Service ("IRS").

30. A creditor is required to file a 1099C form with the IRS when $600 or more in *principal* is forgiven. 26 U.S.C. §6050P and 26 C.F.R. §1.6050P-1(d)(2)-(3).

31. A creditor is not required to file a 1099C form with the IRS when $600 or more in *interest* and other non-principal fees and charges are forgiven.

32. Radius' statement that a creditor might have to file a 1099C form with the IRS "whenever $600 or more is forgiven," without clarifying that $600 in principal must be forgiven to trigger IRS reporting requirements, is false, misleading and deceptive to the unsophisticated consumer.

33. In offering a $720.59 reduction to settle the Debt, Discover Bank was evidencing a willingness to forgive that amount of the Debt.

34. The Letter does not state how much of the $720.59 forgiveness consisted of principal, interest, late fees, and other non-principal amounts.

35. On information and belief, at the time RADIUS sent the Letter, it lacked information as to what portion of the $720.59 foregiveness was principal and what portion was interest, late fees, and other non-principal amounts.

36. On information and belief, well in excess of $600 of the $720.59 forgiveness consisted of interest, late fees, and other non-principal amounts.

37. On information and belief, less than $600 of the $720.59 forgiveness consisted of principal.

38. The Letter is misleading because it suggests that, if Plaintiff had accepted the settlement offer, Discover Bank might file an IRS Form 1099C.

39. If Plaintiff had accepted the settlement offer, Discover Bank would not have filed an IRS Form 1099C because Discover Bank was not forgiving more than $600 in principal.

40. RADIUS is under no legal requirement to disclose that a settlement may have tax consequences or that acceptance of a settlement might result in Discover Bank may file a Form 1099C.

41. RADIUS' reference to the filing of a 1099C with the IRS was intended to facilitate its collection efforts.

42. The Letter was intended to induce consumers to pay more than the settlement amount so as to avoid the tax consequences of accepting the settlement.

43. By referring to "Internal Revenue Service" and "1099C," RADIUS increases the likelihood the consumer will pay the full amount of the debt to avoid increased involvement with, or scrutiny by, the IRS.

44. Upon receiving the Letter, the unsophisticated consumer will make arrangements to pay the debt in full, fearing the effects the filing of an IRS Form 1099C would have, including, but not limited to, possible disqualification from tax benefits such as the earned income credit, entitlement benefit such as housing and Social Security benefits, incurring tax penalties for additional income for which there was no withholding, or a time-consuming and emotionally distressing audit.

45. The Letter, therefore, was materially confusing, misleading, and deceptive to the unsophisticated consumer.

46. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with RADIUS' attempt to collect the Debt.

## V. CLASS ALLEGATIONS

47. The Letter is a form letter. Specifically, the Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letter. Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. *Class Definition.* The Class is defined as:

> All natural persons to whom Radius Global Solutions, LLC mailed a written communication in the form of *Exhibit A* to a Wisconsin address during the Class Period beginning on March 2, 2019 and ending on March 23, 2020.

49. The identities of the Class members are readily ascertainable from Defendant's business records and the business records of those entities on whose behalf Defendant collects debts.

50. ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from Defendant having sent a written communication in the same form as *Exhibit A*.

51. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)     ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b)     ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by Defendant with respect to each Class member.

    (c)     ***Typicality.*** The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

    (d)     ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to

vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

55. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

57. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

58. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

59. The use and mailing of *Exhibit A* by Defendant violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Using a false representation of the chater, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2);

(c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

(d) Using unfair or unconsionable means in connection with the collection of any debt in violation of 15 U.S.C. § 1692f.

## VII. PRAYER FOR RELIEF

60. WHEREFORE, Plaintiff demands judgment against, Defendant as follows:

(a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) In the Court's discretion, an award to Plaintiff for services on behalf of the Class;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) To the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

(f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

61. Trial by jury is demanded on all issues so triable.

Dated: March 2, 2020

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar #2014133)
*Attorneys for Plaintiff, Casey Robrahn*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Katelyn@SternThomasson.com